**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                                   |     |                 |             |
|-----------------------------------|-----|-----------------|-------------|
|                                   | :   | **Case Nos. 1:07cv1007** | **1:07cv2660** |
|                                   | :   | **07cv1059**    | **07cv2677** |
| **IN RE FORECLOSURE ACTIONS**     | :   | **07cv1060**    | **07cv2776** |
|                                   | :___ | **07cv1122**   | **07cv2789** |
|                                   | :   | **07cv1252**    | **07cv2797** |
|                                   | :   | **07cv1367**    | **07cv2826** |
|                                   | :   | **07cv1515**    | **07cv2951** |
|                                   | :   | **07cv1827**    | **07cv2961** |
|                                   | :   | **07cv1872**    | **07cv2963** |
|                                   | :   | **07cv1936**    | **07cv2993** |
|                                   | :   | **07cv1981**    | **07cv3022** |
|                                   | :   | **07cv1985**    | **07cv3039** |
|                                   | :   | **07cv1992**    | **07cv3143** |
|                                   | :   | **07cv2010**    | **07cv3259** |
|                                   | :   | **07cv2257**    | **07cv3306** |
|                                   | :   | **07cv2636**    |             |
|                                   | :   | **07cv2643**    |             |
|                                   | :   |                 |             |
|                                   | :   | **JUDGE KATHLEEN M. O'MALLEY** | |
|                                   | :   |                 |             |
|                                   | :   | **ORDER**       |             |

Section I of the United States District Court for the Northern District of Ohio's *Fifth Amended General Order No. 2006-16* (October 10, 2007), captioned "The Complaint and Service," outlines specific filing requirements applicable to the numerous private foreclosure actions being filed in federal court.  Specifically, Section 1.2.5 of that order provides:

> 1.2    The complaint must be accompanied by the following:
>
> ***
>
> 1.2.5    An affidavit <u>documenting</u> that the named plaintiff is the owner and holder of the note and mortgage, whether the original mortgagee or by later assignment, successor in interest or as a trustee for another entity.

*Fifth Amended General Order No. 2006-16* (October 10, 2007) (Emphasis added).[1]  A foreclosure plaintiff, therefore, especially one who is not identified on the note and/or mortgage at issue, must attach to its complaint <u>documentation</u> demonstrating that it is the owner and holder of the note and mortgage upon which suit was filed.   In other words, a foreclosure plaintiff must provide documentation that it is the owner and holder of the note and mortgage <u>as of the date the foreclosure action is filed</u>.

It is reasonably clear from Section 1.2.5 that an affidavit alone, in which the affiant simply attests that the plaintiff is the owner and holder of the note and mortgage, is insufficient to comply with Section 1.2.5's "documentation" requirement.  To the extent a note and mortgage are no longer held or owned by the originating lender, a plaintiff must appropriately document the chain of ownership to demonstrate its legal status *vis-a-vis* the items at the time it files suit on those items. Appropriate "documentation" includes, but is not limited to, trust and/or assignment documents <u>executed before the action was commenced</u>, or both as circumstances may require.

In this case, the plaintiff is not identified on the note and mortgage as the original owner/holder, and has either:  (1) not timely filed adequate documentation demonstrating that it was the owner and holder at the time it filed suit; or (2) filed documentation indicating that an assignment or execution of trust interest occurred, but occurred after the filing of the complaint. [2]

---

[1]     None of the amendments to the order altered Section 1.2.5.  That section has remained the same.  Regardless, by its express terms, the *Fifth Amended General Order No. 2006-16* (October 10, 2007) applies to all then-pending and new foreclosure actions.

[2]     The Court is only concerned with the date on which the documents were executed, not the dates on which they were recorded (if recorded) with the county recorder's office.

2

Accordingly, the plaintiff's complaint does not comply with Section 1.2.5 of the Court's *Fifth Amended General Order No. 2006-16* (October 10, 2007).[3]  This case is **DISMISSED without prejudice**.  **Pursuant to the Court's local rules, if re-filed, this case shall be marked as related and reassigned to the undersigned**.[4]

      **IT IS SO ORDERED.**

                                           s/Kathleen M. O'Malley
                                           **KATHLEEN McDONALD O'MALLEY**
                                           **UNITED STATES DISTRICT JUDGE**

      **Dated:  November 14, 2007**

---

[3]    As of October 10, 2007 when it was issued, the Court's *Fifth Amended General Order No. 2006-16* automatically granted plaintiffs in then-pending foreclosure actions thirty (30) days to amend their pleadings to conform with, among other things, the order's owner/holder "documentation" requirement(s).  As of November 9, 2007, the automatic thirty-day period in which to cure pleading defects in then-pending actions expired.

[4]    Because it was dismissed for failure to comply with the Court's *Fifth Amended General Order No. 2006-16*, if this case is re-filed and ultimately proceeds to judgment, the Court will not award in a subsequent action any fees or expenses incurred in connection with this case (*i.e.*, the dismissed case).

3